UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHA MOQADDEM,<br><br>    Plaintiff,<br><br>v.<br><br>KATHERINE SOLORZANO, et al.,<br><br>    Defendants. | Case No. 23-cv-04918-HSG<br><br>**ORDER DENYING REQUESTS TO REOPEN CASE**<br><br>Re: Dkt. Nos. 15, 16 |

On or about September 26, 2023, Plaintiff filed this *pro se* case, alleging that Los Angeles County Superior Court judges Katherine Solorzano and Joseph Burghardt are responsible for her false and fraudulent incarceration. Dkt. No. 1. On November 9, 2023, the Court transferred this case to the Central District of California pursuant to 28 U.S.C. § 1391(b) because the named defendants reside in, and the relevant events took place in, the Central District of California. *See generally* Dkt. No. 13. Plaintiff has filed two motions requesting that the Court reopen this case, stating that the case was improperly transferred to the Central District. Dkt. Nos 15, 16.

The Court DENIES Plaintiff's requests to reopen this case and transfer the case back to this district for the following reasons.

First, this Court lacks authority to compel district courts in the Central District to take action. *See, e.g., Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1393 (9th Cir. 1987) (district court lacks authority to issue writ of mandamus to another district court). If Plaintiff seeks to have her case transferred back to this district, she should make that request in her case in the Central District of California.

Second, to the extent that Plaintiff seeks reconsideration of the Court's November 9, 2023 Order of Transfer, Plaintiff did not obtain leave of court to file a motion for reconsideration as

required by N.D. Cal. L.R. 7-9.

Third, Plaintiff is incorrect that venue is proper in this district. Plaintiff argues that venue is improper in the Central District of California because she does not reside in the Central District; because "[Central District] judges get handpicked to hear cases by well-trained clerks in Central District Division and that is done by hacking;" and her life has been "racked and damaged and cannot be in Central District." Dkt. Nos. 15, 16. Plaintiff has also added two new defendants to the captions in these two pleadings: Warden and Patricia Tania of the Commission on Judicial Performance, and alleges that "the main defendant is in the San Francisco Division." Dkt. No. 15 at 1; Dkt. No. 16 at 1. 28 U.S.C. § 1391(b) provides that venue for a civil action is proper in either the judicial district in which any defendant resides or in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Venue is not determined by Plaintiff's residence, but by either the residence of the defendant(s) or the location of the relevant events and omissions. Plaintiff does not dispute that the two defendants named in her operative complaint reside in, and that the relevant events took place in, the Central District of California. Plaintiff seeks to establish venue in this district by naming a defendant that resides in this district. To add a defendant in this case, Plaintiff must file an amended complaint in the case in the Central District of California that names the new defendant. Plaintiff cannot file an amended complaint in this case because this case is closed. Adding an individual to the caption of a later-filed pleading does not add the individual as a defendant in this case. The operative complaint names two defendants, both of whom reside in the Central District of California; and alleges events that took place in the Central District of California. Venue properly lies in the Central District of California, and not this district.

This order terminates Dkt. Nos. 15, 16.

**IT IS SO ORDERED.**

Dated: 9/18/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge